RECEIVED
JUL 29 2010
TONY R. MOORE, CLERK
BY M Casanova
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 10-00135 |
| VERSUS | * | 18 U.S.C. §§ 241, 1001, 1623 |
| JOSHUA JAMES MORO | * | JUDGE WALTER |
| JEREMY MATTHEW MORO | | |
| SONYA MARIE HART | * | MAGISTRATE JUDGE HORNSBY |

**SUPERSEDING INDICTMENT**

THE GRAND JURY CHARGES:

<u>COUNT 1</u>
18 U.S.C. § 241
Conspiracy Against Rights

From on or about October 23, 2008, through on or about at least October 26, 2008, in the Western District of Louisiana, the defendant,

**JOSHUA JAMES MORO,**

did willfully combine, conspire, and agree with his cousin, Daniel Danforth, and another person known to the grand jury to injure, oppress, threaten, and intimidate their relatives residing on Danforth Road in Athens, Louisiana, in the free exercise and enjoyment of the right, secured by the Constitution and laws of the United States, to occupy a dwelling free from injury, intimidation, and interference based on race. Specifically, JOSHUA JAMES MORO and his co-conspirators conspired to threaten and intimidate their grandmother, who is white; their cousin, who is white; the cousin's eleven-year-old son, who is white; and the cousin's then-boyfriend (now-husband), who is African American, because the cousin and her African American boyfriend were in an interracial relationship and were living together on Danforth Road.

## PLAN AND PURPOSE

It was part of the plan and purpose of this conspiracy that JOSHUA JAMES MORO and his co-conspirators would construct a cross from pine trees, transport the cross to Danforth Road, and burn the cross near homes owned and occupied by the victims, thereby intimidating the victims and interfering with the victims' enjoyment and occupancy of their homes.

## OVERT ACTS

In furtherance of this conspiracy and to accomplish its objectives, the conspirators committed the following overt acts, among others, between on or about October 23, 2008, and on or about October 26, 2008, within the Western District of Louisiana:

1. Daniel Danforth showed his cousin JOSHUA JAMES MORO a partially-constructed cross, made of two small pine trees, and said that he wanted to burn the cross because he was mad at their grandparents for allowing another cousin to "mix races" by living with an African American man.

2. After seeing the partially-constructed cross and hearing Daniel Danforth's reasons for wanting to burn the cross, JOSHUA JAMES MORO offered Daniel Danforth diesel fuel to help with the cross-burning.

3. Daniel Danforth invited several other individuals to help him build and burn a cross at his grandparents' house on Danforth Road in Athens, Louisiana.

4. Daniel Danforth and/or a co-conspirator finished building the cross, transported the cross to Danforth Road, covered it with oil or another ignitable liquid, and set the cross on fire near the victims' homes.

5. Later that evening, JOSHUA JAMES MORO sent a text message to Daniel Danforth and/or a co-conspirator asking if they still needed diesel fuel to burn the cross.

6.   Daniel Danforth telephoned a cousin living at the grandparents' house to direct her to the location of the burned cross in order to ensure that the cross would be found.

All in violation of Title 18, United States Code, Section 241.

COUNT 2
18 U.S.C. § 1623
Perjury

On or about June 24, 2009, in the Western District of Louisiana, the defendant,

**JOSHUA JAMES MORO,**

did knowingly make a false material declaration under oath in a proceeding before the grand jury of the United States; that is, JOSHUA JAMES MORO falsely testified: (1) that when Daniel Danforth asked him to help burn the cross on Danforth Road, JOSHUA JAMES MORO said no, he did not want to go, and said nothing else to Daniel Danforth about the cross-burning; and (2) that when JEREMY MATTHEW MORO arrived and began speaking with Daniel Danforth about the cross-burning, JOSHUA JAMES MORO got into his truck and left. In truth and in fact, as JOSHUA JAMES MORO then well knew, (1) JOSHUA JAMES MORO offered Daniel Danforth diesel fuel to use to burn the cross; and (2) on the evening JOSHUA JAMES MORO spoke to Daniel Danforth about the cross-burning, he, Daniel Danforth, and JEREMY MATTHEW MORO socialized, smoked marijuana, and drank beer while they discussed the cross-burning and other matters.

All in violation of Title 18, United States Code, Section 1623.

COUNT 3
18 U.S.C. § 1001
False Statements

On or about May 12, 2010, in the Western District of Louisiana, the defendant,

**JOSHUA JAMES MORO,**

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the executive branch of the Government of the United States. Specifically, JOSHUA JAMES MORO made the following false statement to a Special Agent of the FBI: JOSHUA JAMES MORO said that he did not offer Daniel Danforth diesel fuel to use to burn the cross. In truth and in fact, as JOSHUA JAMES MORO then well knew, JOSHUA JAMES MORO offered Daniel Danforth diesel fuel to use to burn the cross.

All in violation of Title 18, United States Code, Section 1001.

COUNT 4
18 U.S.C. § 1001
False Statements

On or about December 30, 2008, in the Western District of Louisiana, the defendant,

**JEREMY MATTHEW MORO,**

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the executive branch of the Government of the United States; that is, JEREMY MATTHEW MORO made the following false statements to a Special Agent of the FBI: (1) that all he knew about the cross-burning at his grandparents' house was what his parents told him; (2) that Daniel Danforth did not tell him anything about the cross-burning; and (3) that he and Daniel Danforth never talked about the cross-burning. In truth and in fact, as JEREMY MATTHEW MORO then well knew, on the night of the cross-burning, Daniel Danforth invited him to help burn a cross at their grandparents' house.

All in violation of Title 18, United States Code, Section 1001.

COUNT 5
18 U.S.C. § 1001
False Statements

On or about September 22, 2009, in the Western District of Louisiana, the defendant,

**SONYA MARIE HART,**

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the executive branch of the Government of the United States; that is, SONYA MARIE HART made the following false statements to a Special Agent of the FBI: (1) that she did not know anything about who had burned a cross on Danforth Road in Athens, Louisiana; and (2) that September 22, 2009, the date of her conversation with the FBI, was the first time that she ever heard anything about her truck having been used by others in connection with that cross-burning. In truth and in fact, as SONYA MARIE HART then well knew, she had knowledge as early as January, 2009, that her truck had been used to carry-out the cross-burning.

All in violation of Title 18, United States Code, Section 1001.

COUNT 6
18 U.S.C. § 1623
Perjury

On or about September 25, 2009, in the Western District of Louisiana, the defendant,

**SONYA MARIE HART,**

did knowingly make a false material declaration under oath in a proceeding before the grand jury of the United States; that is, SONYA MARIE HART falsely testified: (1) that September 22, 2009, the date of her meeting with the FBI, was the first time that she ever heard anything about her truck having been used by others in connection with the cross-burning; and (2) that she never told anyone that her truck had been used to help carry out the cross-burning. In truth and in fact,

as SONYA MARIE HART then well knew, she had knowledge as early as January, 2009, and told another person that her truck had been used to carry-out the cross-burning.

All in violation of Title 18, United States Code, Section 1623.

Dated this 28th day of July, 2010.

A TRUE BILL

STEPHANIE A. FINLEY
United States Attorney
Western District of Louisiana

*/s/ Mary J. Mudrick*

MARY J. MUDRICK, LA Bar No. 01992
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA 71101
(318) 676-3600

THOMAS E. PEREZ
Assistant Attorney General
United States Department of Justice
Civil Rights Division

*/s/ Erin Aslan*

ERIN ASLAN, DC Bar No. 976504
Trial Attorney
Criminal Section
950 Pennsylvania Avenue, NW - PHB 5810
Washington, DC 20530
(202) 514-3204