RECEIVED
SEP 2 4 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 10-00135 |
| VERSUS | * | JUDGE WALTER |
| JOSHUA JAMES MORO, JEREMY MATTHEW MORO, and SONYA MARIE HART | * | MAGISTRATE JUDGE HORNSBY |

## SECOND SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
### 18 U.S.C. § 241
### Conspiracy Against Rights

From on or about October 23, 2008, through on or about at least October 26, 2008, in the Western District of Louisiana, the defendants,

**JOSHUA JAMES MORO and**

**JEREMY MATTHEW MORO,**

did willfully combine, conspire, and agree with their cousin, Daniel Danforth, to injure, oppress, threaten, and intimidate their relatives residing on Danforth Road in Athens, Louisiana, in the free exercise and enjoyment of the right, secured by the Constitution and laws of the United States, to occupy a dwelling free from injury, intimidation, and interference based on race. Specifically, JOSHUA JAMES MORO, JEREMY MATTHEW MORO, and Daniel Danforth conspired to threaten and intimidate their grandmother, who is white; their cousin, who is white;

the cousin's eleven-year-old son, who is white; and the cousin's then-boyfriend (now-husband), who is African American, because the cousin and her African American boyfriend were in an interracial relationship and were living together on Danforth Road.

## PLAN AND PURPOSE

It was part of the plan and purpose of this conspiracy that JOSHUA JAMES MORO, JEREMY MATTHEW MORO, and Daniel Danforth would construct a cross from pine trees, transport the cross to Danforth Road, and burn the cross near homes owned and occupied by the victims, thereby intimidating the victims and interfering with the victims' enjoyment and occupancy of their homes.

## OVERT ACTS

In furtherance of this conspiracy and to accomplish its objectives, the conspirators committed the following overt acts, among others, between on or about October 23, 2008, and on or about October 26, 2008, within the Western District of Louisiana:

1.  Daniel Danforth invited several individuals, including JOSHUA JAMES MORO and JEREMY MATTHEW MORO, to help him build and burn a cross at his grandparents' house on Danforth Road in Athens, Louisiana.

2.  After seeing the partially-constructed cross and hearing Daniel Danforth's reasons for wanting to burn the cross, JOSHUA JAMES MORO offered Daniel Danforth diesel fuel to help with the cross-burning.

3.  Daniel Danforth and JEREMY MATTHEW MORO finished building the cross, transported the cross to Danforth Road, carried it through the woods to a location near the victims' homes, covered the cross with Fifty-Fuel, a chainsaw gas/oil mixture, and set the cross on fire.

4. Later that evening, JOSHUA JAMES MORO sent a text message to Daniel Danforth and/or JEREMY MATTHEW MORO asking if they still needed diesel fuel to burn the cross.

5. JEREMY MATTHEW MORO and Daniel Danforth discussed the fact that they had not heard anything in response to the burned cross, and then JEREMY MATTHEW MORO gave his cellular telephone to Daniel Danforth to use to contact a cousin living at the grandparents' house to direct her to the location of the burned cross in order to ensure that the cross would be found.

All in violation of Title 18, United States Code, Section 241.

## COUNT 2
### 42 U.S.C. § 3631; 18 U.S.C. § 2
### Criminal Interference with Right to Fair Housing

On or about October 23, 2008, in the Western District of Louisiana, the defendant,

**JEREMY MATTHEW MORO,**

while aiding and abetting and being aided and abetted by at least one other person, did by force and threat of force, willfully intimidate and interfere with, and attempt to intimidate and interfere with, JEREMY MATTHEW MORO's grandparents, who are white; his cousin, who is white; and his cousin's then-boyfriend (now-husband), who is African American, because of the race of the boyfriend and because he and the cousin were living together. This offense involved the use and attempted use of fire.

All in violation of Title 42, United States Code, Section 3631, and Title 18 United States Code, Section 2.

COUNT 3
18 U.S.C. §§ 844(h)(1), 2
Use of Fire in the Commission of a Federal Felony

On or about October 23, 2008, in the Western District of Louisiana, the defendant,

**JEREMY MATTHEW MORO,**

while aiding and abetting and being aided and abetted by at least one other person, did willfully use fire to commit a felony offense prosecutable in a court of the United States, namely, the felony offenses of Conspiracy Against Rights and Criminal Interference with the Right to Fair Housing, as charged in Counts 1 and 2 of this Second Superseding Indictment and incorporated herein.

All in violation of Title 18 United States Code, Sections 844(h)(1) and 2.

COUNT 4
18 U.S.C. § 371
Conspiracy

Between on or about October 27, 2008, and on or about October 28, 2008, in the Western District of Louisiana, the defendants,

**JEREMY MATTHEW MORO and**

**SONYA MARIE HART,**

did knowingly and willfully combine, conspire, and agree with Daniel Danforth to commit an offense against the United States; that is, to commit the offense of destruction or concealment of tangible object, in violation of Title 18, United States Code, Section 1519.

PLAN AND PURPOSE

It was part of the plan and purpose of the conspiracy that JEREMY MATTHEW MORO, SONYA MARIE HART, and Daniel Danforth would conceal and destroy the cross that JOSHUA JAMES MORO, JEREMY MATTHEW MORO, and Daniel Danforth had used in the

cross-burning offenses charged in Counts 1 and 2 of this Second Superseding Indictment and incorporated herein.

## OVERT ACTS

In furtherance of this conspiracy and to accomplish its objectives, the conspirators committed the following overt acts, among others, beginning on or about October 27, 2008, and on or about October 28, 2008, within the Western District of Louisiana:

1. SONYA MARIE HART telephoned Daniel Danforth and summoned him to her house.

2. JEREMY MATTHEW MORO, SONYA MARIE HART, and Daniel Danforth discussed the fact that the Federal Bureau of Investigation was going to investigate the cross-burning and devised a plan to conceal and destroy the burned cross.

3. JEREMY MATTHEW MORO agreed to drive Daniel Danforth to the location of the burned cross.

4. SONYA MARIE HART gave Daniel Danforth her daughter's cellular telephone to use to communicate with JEREMY MATTHEW MORO when he went to retrieve the burned cross.

5. JEREMY MATTHEW MORO drove Daniel Danforth to the woods behind the victims' homes.

6. Daniel Danforth agreed to place his hat in the road when he was done concealing and destroying the burned cross so that JEREMY MATTHEW MORO would know when Daniel Danforth was done and would know where to pick up Daniel Danforth.

7. Daniel Danforth walked through the woods, retrieved the burned cross from the location where it had been burned, carried it back into the woods, disassembled it, and hid it

under some leaves and bushes in the woods so that it would be unavailable as evidence to the Federal Bureau of Investigation.

All in violation of Title 18, United States Code, Section 371.

COUNT 5
18 U.S.C. § 1623
Perjury

On or about June 24, 2009, in the Western District of Louisiana, the defendant,

**JOSHUA JAMES MORO,**

did knowingly make a false material declaration under oath in a proceeding before the grand jury of the United States; that is, JOSHUA JAMES MORO falsely testified that when Daniel Danforth asked him to help burn the cross on Danforth Road, JOSHUA JAMES MORO said no, he did not want to go, and said nothing else to Daniel Danforth about the cross-burning. In truth and in fact, as JOSHUA JAMES MORO then well knew, he offered Daniel Danforth diesel fuel to use to burn the cross.

All in violation of Title 18, United States Code, Section 1623.

COUNT 6
18 U.S.C. § 1001
False Statements

On or about May 12, 2010, in the Western District of Louisiana, the defendant,

**JOSHUA JAMES MORO,**

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the executive branch of the Government of the United States. Specifically, JOSHUA JAMES MORO falsely stated to a Special Agent of the FBI that he did not offer

Daniel Danforth diesel fuel to use to burn the cross. In truth and in fact, as JOSHUA JAMES MORO then well knew, JOSHUA JAMES MORO had offered Daniel Danforth diesel fuel to use to burn the cross.

All in violation of Title 18, United States Code, Section 1001.

COUNT 7
18 U.S.C. § 1001
False Statements

On or about December 30, 2008, in the Western District of Louisiana, the defendant,

**JEREMY MATTHEW MORO**,

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the executive branch of the Government of the United States; that is, JEREMY MATTHEW MORO made the following false statements to a Special Agent of the FBI:

(1) that all he knew about the cross-burning at his grandparents' house was what his parents told him; (2) that Daniel Danforth did not tell him anything about the cross-burning; and (3) that he and Daniel Danforth never talked about the cross-burning. In truth and in fact, as JEREMY MATTHEW MORO then well knew, on the night of the cross-burning, Daniel Danforth invited him to help burn a cross at their grandparents' house; JEREMY MATTHEW MORO conspired with Daniel Danforth to burn the cross; and JEREMY MATTHEW MORO and Daniel Danforth carried out the cross-burning together.

All in violation of Title 18, United States Code, Section 1001.

## COUNT 8
## 18 U.S.C. § 1623
## Perjury

On or about June 24, 2009, in the Western District of Louisiana, the defendant,

**JEREMY MATTHEW MORO,**

did knowingly make a false material declaration under oath in a proceeding before the grand jury of the United States; that is, JEREMY MATTHEW MORO falsely testified: (1) that he refused Daniel Danforth's request for help in burning a cross; (2) that he was not involved and did not know who was involved in making the cross; (3) that he was not involved and did not know who was involved in taking the cross to his grandparents' house; (4) that he was not involved and did not know who was involved in lighting the cross on fire; and (5) that he was not involved in and did not know who was involved in removing the cross from his grandparents' house. In truth and in fact, as JEREMY MATTHEW MORO then well knew, JEREMY MATTHEW MORO agreed to help and did, in fact, help Daniel Danforth make, transport, and burn the cross, and then remove the cross to from the location where it was burned so that it would be unavailable as evidence to the Federal Bureau of Investigation.

All in violation of Title 18, United States Code, Section 1623.

## COUNT 9
## 18 U.S.C. § 1001
## False Statements

On or about September 22, 2009, in the Western District of Louisiana, the defendant,

**SONYA MARIE HART,**

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the executive branch of the Government of the United States; that is, SONYA

MARIE HART made the following false statements to a Special Agent of the FBI: (1) that she did not know anything about who had burned a cross on Danforth Road in Athens, Louisiana; and (2) that September 22, 2009, the date of her conversation with the FBI, was the first time that she ever heard anything about her truck having been used by others in connection with that cross-burning. In truth and in fact, as SONYA MARIE HART then well knew, (1) she knew who burned the cross; and (2) she had knowledge as early as the day after the cross-burning that her truck had been used to carry-out the cross-burning.

All in violation of Title 18, United States Code, Section 1001.

COUNT 10
18 U.S.C. § 1623
Perjury

On or about September 25, 2009, in the Western District of Louisiana, the defendant,

**SONYA MARIE HART,**

did knowingly make a false material declaration under oath in a proceeding before the grand jury of the United States; that is, SONYA MARIE HART falsely testified: (1) that Daniel Danforth never told her about the cross-burning; (2) that September 22, 2009, the date of her meeting with the FBI, was the first time that she ever heard anything about her truck having been used by others in connection with the cross-burning; (3) that she never had any communication with Daniel Danforth or JEREMY MATTHEW MORO about removing the burned cross; (4) that she did not give Daniel Danforth or JEREMY MATTHEW MORO her daughter's cellular telephone to use while removing the cross; and (5) that she was not involved and did not know who was involved in coming up with a plan to remove the cross. In truth and in fact, as SONYA MARIE HART then well knew, (1) Daniel Danforth told her that he and JEREMY MATTHEW MORO carried out the cross-burning; (2) she had knowledge as early as early as the day after the cross-

burning; (3) she, JEREMY MATTHEW MORO, and Daniel Danforth agreed to remove the cross so that it would be unavailable as evidence to the Federal Bureau of Investigation; and (4) that she gave her daughter's cellular telephone to Daniel Danforth to use while he and JEREMY MATTHEW MORO removed the cross.

All in violation of Title 18, United States Code, Section 1623.

Dated this 24th day of September, 2010.

A TRUE BILL

STEPHANIE A. FINLEY
United States Attorney

*Mary J. Mudrick*
MARY J. MUDRICK, LA Bar No. 01992
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA 71101
(318) 676-3600

THOMAS E. PEREZ
Assistant Attorney General
United States Department of Justice
Civil Rights Division

ERIN ASLAN, DC Bar No. 976504
Trial Attorney, Criminal Section
950 Pennsylvania Avenue, NW - PHB 5810
Washington, DC 20530
(202) 514-3204